UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINE FAULDS et al.,<br><br>                      Plaintiffs,<br>     v.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>                      Defendant. | CASE NO. 2:24-cv-01705-LK<br><br>ORDER TO SHOW CAUSE |

      This matter comes before the Court sua sponte. On September 19, 2024, Plaintiffs Christine and Jason Faulds filed their complaint for declaratory, injunctive, and monetary relief in King County Superior Court. Dkt. No. 1-1 at 9–10. On October 17, 2024, Defendant Allstate Vehicle and Property Insurance Company removed Plaintiffs' complaint to this Court on the basis of diversity jurisdiction. Dkt. No. 1 at 2–6 (citing 28 U.S.C. § 1332(a)(1)). However, the record does not show that the amount in controversy requirement is met. For the reasons discussed below, the Court orders Allstate to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

ORDER TO SHOW CAUSE - 1

1       Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). As the party asserting jurisdiction, Allstate has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

      District courts have original jurisdiction when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Whether the amount in controversy exceeds $75,000 is generally "determined from the face of the pleadings," and courts will defer to the amount "claimed by the plaintiff . . . so long as the claim is made in good faith." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000); *accord Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

      The record fails to demonstrate that the $75,000 threshold is satisfied. In their complaint, Plaintiffs only request unspecified sums relating to applicable coverage and benefits, which "will be determined as investigation and discovery continue." Dkt. No. 1-1 at 5; *see also id.* at 9. Allstate reasons that the amount in controversy requirement has been met because "[t]he benefits potentially available to Plaintiffs under the Policy that they seek to recover in this lawsuit exceed $300,000," which include the "dwelling coverage with limits of $250,000 (of which approximately $96,000 of the benefits have been paid)," "personal property coverage with limits of $187,500" (of which $19,689.71 has been paid), and "additional living expense coverage . . . with limits of $25,000." Dkt. No. 1 at 3–4. Allstate avers that the amount in controversy is further increased because Plaintiffs also seek (1) extra-contractual tort damages for bad faith and violation of the

ORDER TO SHOW CAUSE - 2

Washington Consumer Protection Act ("CPA") and Insurance Fair Conduct Act ("IFCA") that "are independent of and in addition to policy benefits Plaintiffs seek," (2) punitive and treble damages under the CPA and IFCA, (3) "attorneys' fees and costs incurred in prosecuting this action under the CPA, IFCA, or applicable law," and (4) injunctive relief, "which would be expensive and time-consuming for Allstate to implement." *Id.* at 3–5. Allstate reasons that "[w]hen the foregoing is combined, the amount in controversy substantially exceeds the jurisdictional threshold of $75,000." *Id.* at 6.

Allstate has not demonstrated that the amount in controversy has been met. When, as here, the parties dispute the applicability of the policy to a particular occurrence—rather than the validity of the policy itself—"the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy." *Schmale v. State Farm & Cas. Co.*, No. 2:23-cv-01114-GMN-NJK, 2023 WL 7130567, at *2 (D. Nev. Oct. 30, 2023) (quoting Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, vol. 14B, § 3710, 264 (3d ed., West 1998)). Thus, the value of the claim, not the policy limit, determines the amount in controversy here. *Id.*; *see also Tesfay v. United Fin. Cas. Co.*, No. 2:22-cv-01687-TL, 2023 WL 2554163, at *1 (W.D. Wash. Mar. 17, 2023) (noting that "the mere fact that the policy limits exceed the $75,000 threshold for diversity jurisdiction does not show what the amount in controversy in this action actually is"). Additionally, even if the Court considers extra-contractual tort damages (including any punitive and treble damages), certain attorneys' fees and costs, and costs to implement injunctive relief to determine the amount in controversy, Allstate has not demonstrated that these other forms of relief requested by Plaintiffs sufficiently satisfy the amount in controversy requirement absent the value of the underlying claim.

ORDER TO SHOW CAUSE - 3

Accordingly, within 14 days of the date of this Order, Allstate is ORDERED to SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction. Failure to do so will result in dismissal. *See* Fed. R. Civ. P. 12(h)(3).

Dated this 22nd day of November, 2024.

Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 4